# Wytheville.

## PRICE v. CROZIER.

### June 25, 1903.

### Absent, Buchanan, J.

1. EQUITY PRACTICE—*Bill for Partition and to Ascertain Liens on One Share—Code, Section 2562, as Amended.*—Under the provisions of section 2562 of the Code, as amended, a bill in equity may be filed by one tenant in common against another for the purpose of having partition of the property held in common, and to subject the interest of the defendant to a deed of trust thereon for the benefit of the complainant.

2. JOINT PURCHASERS—*Misappropriation of Funds—Indemnity—Case in Judgment.*—A complainant and a defendant jointly bought three lots which were conveyed to the defendant. Each paid one-half of the cash payment, and they gave their joint notes for the two deferred payments, which were secured by a deed of trust on the lots. Each paid his half of the first deferred payment, and when the last payment fell due the complainant paid one-half thereof, principal and interest, to the defendant, with the understanding that he would supply the remaining half, and pay it to their vendor. The defendant appropriated the amount to his own use, but gave the complainant a bond with condition to indemnify and save him harmless from any and all loss of every kind which he might sustain by reason of his failure to pay the amount so received, and also his own half of said instalment to the vendor, which bond was secured by deed of trust on the interest of defendant's wife in a lot owned jointly by her and the complainant, and his brother. The defendant obtained title for one of the lots and conveyed it to the complainant. The other two lots were sold under the deed of trust given to secure the purchase price, and at the sale brought only fifteen dollars each. Suit was brought by complainant for partition of the lot owned jointly by defendant's wife and the complainant

and his brother, and to subject the wife's interest to the lien of the deed of trust.

*Held:* The measure of complainant's recovery is the amount paid to the defendant, with interest thereon from the date of payment, and not merely half the price for which the two lots were sold, which amount is secured by the bond of indemnity, and the deed of trust given to secure the same.

Appeal from a decree of the Circuit Court of the city of Roanoke, pronounced May 3, 1901, in a suit in chancery, wherein the appellant was the complainant, and the appellees were the defendants.

*Reversed.*

Counsel for appellees insisted that the demurrer should have been sustained for the following reasons:

"Equity jurisdiction is sought on the ground of a prayer for partition of property not susceptible of division in kind. It appears by the bill that the joint owners are *sui juris,* and no cause is alleged why a sale cannot be made by them, nor is it stated that there is any objection on the part of any one to such a sale. In such a case it would seem that needless costs should not be imposed.

"The lien of the trust deed under which H. C. Price asserts his claim is to secure unliquidated damages on a bond of indemnity. These damages should be first ascertained in a court of law, and then payment enforced, if necessary, by the execution of the trust deed. See *Witz, Beidler & Co.* v. *Mullins,* 90 Va. 805."

· Counsel for appellant argued that the demurrer was properly overruled.

"The bill alleges that the plaintiff and two of the defendants were tenants in common of a house and lot in Roanoke, which was not susceptible of a partition in kind, and that the interest of one of the defendants therein was encumbered by a deed of trust which was unsatisfied, and the amount due thereunder

unascertained. It asked for a sale of the property because the same was not susceptible of a partition in kind, and in order to enforce the deed of trust aforesaid. The right to a sale under a decree of the court, where partition can be made in kind *is absolute,* both at common law and by statute.

"In *Wisely* v. *Findlay,* 3 Randolph, 361, it was said that— 'The power of a court of equity to grant partition is not discretionary, but is *ex debito justitia,* and wherever a plaintiff has a right to partition at law, he has the same right in equity.'

"It is needless to say that a right to partition carries with it a right to sell where partition cannot be had, and that a court which has jurisdiction to partition, has jurisdiction to sell under such conditions.

"In *Davis* v. *Tebbs,* 81 Va. 600, it is said that— 'The jurisdiction of equity to decree partition of lands and take cognizance of all questions of law arising therein affecting title, is settled by Statute. Code 1873, Ch. 120, sec. 1.'

"To a similar effect is the provision of the Code of 1887, sec. 2564, applying the principles of partition to cases where property cannot be partitioned, or where there are liens thereon.

'Court of equity hath authority to pass upon all questions necessary to justice between the parties in suits for partitions, such as accounts of liens and priorities on lands to be partitioned.' *Hinton* v. *Bland,* 81 Va. 588.

"In *Witz, Beidler & Co.* v. *Mullins,* 90 Va. 805, cited by appellee, the debt for the enforcement of which the court declined to take jurisdiction, was held not to be secured in the deed of trust. The court, however, established in favor of the jurisdiction of this court, every question here involved. It reaffirmed *Nagle* v. *Newton,* 22 Gratt. 814, and *Campbell* v. *Rust,* 85 Va. 653, where equity entertained claims for damages in suits in which other equitable grounds of relief existed.

"It is suggested that it does not appear that any party in interest objected to a sale of the property. A tenant has the

right to sue for partition, although it does not appear that the
parties have been able to agree upon a partition *in pais,* so a
court will sell property which cannot be partitioned, although
it does not appear that the parties were unable to consent to a
sale *in pais.* A sale by a court of equity has many advantages,
but whether so or not, such a sale is the right of the parties.
Nor had the parties consented, could they have sold advan-
tageously the property in question until all issues involved in
the deed of trust were settled. The litigation has shown that
the construction of the deed of trust and the amount therein
involved are the subject of serious controversy. These could
only be settled by the aid of a court of equity, and until they
were settled, the property could not be sold free from any
cloud on the title. The jurisdiction of a court of equity is
clear."

*Scott & Staples,* for the appellant.

*S. & M. Griffin,* for the appellees.

HARRISON, J., delivered the opinion of the court.

It appears that the appellee, T. W. Crozier, bought from the
Exchange Building & Investment Company three lots (Nos.
19, 20, and 21), at the price of $1,000 each, aggregating $3,000.
Of this sum $1,000 was paid in cash, and the lots were conveyed
to Crozier, who executed a contemporaneous deed of trust to
secure the two deferred payments of $1,000 each. It further
appears that this purchase was made for the joint and equal
benefit of the appellant, H. C. Price, and the appellee. It fur-
ther appears that, when the last deferred installment of $1,000
became due, each of the parties had contributed his full share
of the purchase money theretofore paid; and the appellant then
placed in the hands of the appellee $577.34—one-half of the
last outstanding payment, including interest—with the under-

standing that appellee would supply the remaining half, and pay the whole to the Exchange Building & Investment Company in discharge of their entire obligation. Subsequently appellant discovered that appellee had made default, and had not paid off the last deferred payment, but had appropriated to his own use the $577.34 paid him by appellant in discharge of the entire balance due from him on account of the joint purchase. Thereupon appellant obtained from appellee a bond for $1,300, with collateral conditions to indemnify him against loss, and secured the same upon the undivided half interest of Mary A. Crozier, the wife of appellee, in a lot owned jointly by her with appellant and his brother, G. W. Price. Subsequent to this transaction, appellee, having procured from the Exchange Building & Investment Company a release of their deed of trust as to lot No. 19, conveyed that lot to appellant in part discharge of his obligation under the bond of indemnity. This left appellant still entitled to one-half of another lot, the title to which still remained in appellee. The balance of the purchase money due the Exchange Building & Investment Company remaining unpaid, that company proceeded to foreclose its deed of trust on lots Nos. 20 and 21 by a sale, at which those two lots brought $15 each.

Upon this State of facts, the bill in this case was filed by appellant for a partition of the lot owned jointly by Mary A. Crozier, G. W. Price, and himself, and for the enforcement of his deed of trust upon the undivided half interest of Mary A. Crozier, securing the bond of indemnity. The demurrer to the bill was properly overruled. Code 1887, sec. 2562, as amended by act passed February 23, 1898 (Acts 1897-'98, p. 488, c. 452).

The commissioner to whom the cause was referred reported that the lot was not susceptible of division in kind, and found the facts already stated with respect to the lien on the interest of Mary A. Crozier, leaving the court to determine the amount

appellant was entitled to recover under and by virtue of the bond of indemnity in question. The Circuit Court held that $7.50 (one-half the price that one of the lots brought at the sale under the Exchange Building & Investment Company deed of trust) was the measure of damage sustained by appellant, and all that was secured to him by virtue of the indemnifying bond. From this decree the present appeal was taken.

We are of opinion that appellant is clearly entitled, under the facts stated, to recover from Crozier the $500, and its interest, which had been placed in his hands. The last deferred payment was due September 18, 1892—$500 and interest by appellant, and $500 and interest by appellee. Appellant paid the $500 and interest due from him to appellee, with the understanding that the remaining $500 and interest would be supplied by appellee, and the whole balance due the investment company paid. When appellant placed this $500 and interest in the hands of appellee, he was then entitled to a clear title from appellee to one lot and a half. He got title to one lot. By the default of appellee, the half of the lot to which he was entitled has been swept away, while his defaulting co-purchaser retains in his hands the $500 and interest, which would have secured to appellant his land if it had been properly applied. Appellee now proposes to make amends for his default by saying to appellant, "The lot for which we agreed to pay $1,000, and for which you paid me your half, was in fact only worth $15; and, therefore, I will keep your $500, and not pay for the lot, and return you $7.50, the real value of one-half the lot." The statement of the proposition demonstrates its weakness, and shows how unreasonable and fallacious such a contention is. It was the obligation and duty of appellee, who occupied a relation of trust with respect to this transaction, to make appellant a clear title to his interest in the lots; and having failed, by reason of his own default, to do so, he must return to appel-

lant the $500 and interest which was placed in his hands to pay for the land that appellant has failed to get.

The appellee being indebted to appellant, as we have seen, in the sum of $500 and interest, the only remaining question is whether or not that sum has been secured by the bond of indemnity and deed of trust upon the undivided half interest of Mary A. Crozier in the lot, the sale of which is sought in this suit.

A casual reading of the bond is sufficient to show that the $500 and interest due to appellant is secured thereby in express terms.

After setting forth the purchase of the lots, the payments made by each, including the $500 and interest paid by appellant in discharge of his half of the last deferred installments of purchase money, and acknowledging the default of appellee with respect to that sum, the bond proceeds as follows: "To indemnify and save harmless the said H. C. Price from any and all loss of every kind and description which he may sustain on account of the failure of the said T. W. Crozier to pay to the Exchange Building & Investment Company the amount paid to him by H. C. Price, and the failure of the said T. W. Crozier to pay that portion of the last deferred payment which was due by him on the due day of the same." The bond refers to but one transaction; that is, the purchase from the investment company of lots Nos. 19, 20, and 21. It recognizes the obligation of appellee to make good to appellant the $500 and interest in question, and declares a trust in his favor, the purpose of which is a restoration of that sum in the event the lots are sold by the investment company. It follows from what has been said that the appellant, H. C. Price, is entitled to recover, under and by virtue of the bond of indemnity, and deed of trust given to secure the same, the sum of $500, with interest from the date of its payment to appellee, as the measure of damage he has sustained by reason of the default of the appellee in failing to pay

Opinion.

off the last deferred installment of purchase money due to the Exchange Building & Investment Company.

For these reasons, the decree complained of must be reversed, and the cause remanded to the Circuit Court, to be there proceeded with in conformity with the views expressed in this opinion.

*Keith*, P., dissents as to the liability of Mrs. Crozier.

*Reversed.*